In the Matter of Judson G. BARCE.

No. 04S00–0312–DI–642.

Supreme Court of Indiana.

July 3, 2006.

## ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action*, the respondent's petition for review, the Commission's response and respondent's reply, we find that the respondent engaged in attorney misconduct.

**Facts:** Respondent is the elected part-time Prosecuting Attorney of Benton County. The circumstances leading to this case involve a landlord/tenant dispute. On September 10, 2002, a landlord consulted with the Chief Deputy Prosecutor about a bad check he had received from a tenant. Previous to this meeting, the landlord had filed a small claims action against the tenant. The Chief Deputy Prosecutor sent the tenant a letter on prosecutor's office stationary, with a facsimile of respondent's signature affixed. This letter demanded payment of the tenant's check plus collection and service fees within thirty days. The letter warned that failure to pay would result in a criminal prosecution and a warrant for the tenant's arrest.

On September 23, the tenant came to respondent's office seeking representation in the pending small claims action filed by the landlord. The tenant spoke with the respondent, who agreed to represent her in the civil case. Because the tenant used several aliases, respondent was not immediately aware that the tenant was the same person whom the prosecutor's office had sent a letter regarding the bad check. When respondent personally prepared the tenant's counter-claim against the landlord, he did not determine if there was a conflict involving the tenant or the landlord. A conflict check should have revealed that the prosecutor's office was already engaged in seeking payment on behalf of the landlord for the tenant's bad check.

Subsequently, when respondent learned that the tenant he represented in the small claims action was the same person the prosecutor's office had sent a letter threatening criminal charges if the tenant's bad check was not paid in full, respondent did not withdraw from representing the tenant. Instead, on prosecutor's office stationary, respondent sent a letter to the landlord informing him that he could not proceed on the bad check matter because of a conflict of interest. Between October 15 and December 22, 2002, respondent continued to represent the tenant and protect her interests despite opportunity to withdraw from the tenant's case.

**Violations:** Respondent's conduct in representing the tenant violated Ind. Professional Conduct Rule 1.8(k) (1996), which prohibits a part-time prosecutor from representing a private client in any matter wherein there exists an issue upon which the prosecutor has statutory prosecutorial authority or responsibilities.

For the misconduct found herein, this Court now finds that the respondent should receive a public reprimand.

IT IS, THEREFORE, ORDERED that the respondent, Judson G. Barce, is hereby reprimanded and admonished for his misconduct in this case. Costs of this proceeding are assessed against the respondent.

The Clerk of this Court is directed to forward notice of this order to the respondent and his attorney; to the Indiana Supreme Court Disciplinary Commission, to the hearing officer, Hon. Sheila M. Moss,

Lake Superior Court, 2293 North Main Street, Crown Point, IN 46307–1854, and to all other entities as provided in Admis.Disc.R. 23(3)(d).

All Justices concur.